UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOE HAND PROMOTIONS, INC.,**

    *Plaintiff*,

v.                                         Case No. 5:24-CV-1052-JKP

**SERNA'S BACKYARD SPORTS BAR, LLC,**
doing business as **Serna's Backyard Sports Bar, et al.,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Final Default Judgment (ECF No. 14) filed by Plaintiff. Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff seeks entry of default judgment against Defendants Serna's Backyard Sports Bar, LLC, doing business as Serna's Backyard Sports Bar, ("Serna"); (2) Daniel R. Serna, individually and as a member, manager, officer, and/or principal of Serna; and (3) Daniel Ricardo Serna, individually and as a member, manager, officer, and/or principal of Serna (collectively "Defendants") for their failure to appear and defend this action.

This case concerns a boxing match ("the Event") originating via satellite and shown at Serna located at 12023 Potranco Rd./FM 1957; San Antonio, Texas; 78253 ("the Establishment"). Plaintiff was the exclusive licensor of the Event in Texas.

Courts apply "a three-part test to determine whether a default judgment should be entered." *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020). Before entering a default judgment courts (1) consider whether such "judgment is procedurally warranted"; (2) assess the substantive merits of asserted "claims to determine whether there is a sufficient basis in the pleadings for the judgment"; and (3) examine the requested relief to determine "what form of relief, if any, the plaintiff should receive." *Id.* Further, as in all cases, courts should assure that federal jurisdiction exists. *Id.*

The Court finds that default judgment is procedurally warranted given the circumstances of this case. Additionally, this case presents no issue as to jurisdiction. Through its civil complaint, Plaintiff sues for piracy in violation of the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553, 605. A violation of either statute provides federal question jurisdiction under 28 U.S.C. § 1331. Through its motion, Plaintiff pursues default judgment only on its claim under § 605.

As for the second inquiry, courts assess the substantive merits of the plaintiff's claims to determine whether there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A defaulting defendant "admits the plaintiff's well-pleaded facts." *Id*. But such defendants are "not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. Consequently, at this second step, the court must review the plaintiff's operative pleading to determine whether the plaintiff asserts a viable claim for relief. *Id*.; *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015).

"The FCA, a strict liability statute, prohibits the unauthorized interception and broadcast of satellite or cable transmissions." *Joe Hand Promotions, Inc. v. Allure Jazz & Cigars, LLC*, No. 3:22-CV-514-E (BK), 2025 WL 1737802, at *2 (N.D. Tex. May 27, 2025) (recommendation of Mag. J.) *accepted by* 2025 WL 1737322 (N.D. Tex. June 23, 2025). To establish liability under § 605, Plaintiff must prove that (1) "the Event was shown in Defendants' commercial Establishment" (2) without authorization. *J & J Sports Prods., Inc. v. Q Cafe, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *3 (N.D. Tex. Jan. 25, 2012). This is not a difficult showing to make and the admitted well-pleaded allegations show a violation of § 605.

Plaintiff seeks to hold the individual defendants vicariously liable for the § 605 violation. With respect to vicarious liability, the Plaintiff must show that the individual defendants "(a) had a right and ability to supervise the infringing activities, and (b) an obvious and direct financial

interest in the exploitation." *Id*. at *4. By failing to defend this action, Defendants have admitted to well-pleaded allegations sufficient to impose vicarious liability. While Plaintiff presents no binding authority for applying vicarious liability in the FCA context, it cites to numerous federal Texas decisions that have done so. Absent persuasive authority to the contrary, this Court has no reason to decide otherwise currently. Given the admitted, well-pleaded allegations, Plaintiff has established that the individual defendants are vicariously liable for the § 605 violation.

The next step is to consider examine Plaintiff's requested relief to determine "what form of relief, if any, the plaintiff should receive." *RLI Ins. Co.*, 581 F. Supp. 3d at 823. Plaintiff seeks statutory damages under 48 U.S.C. § 605(e)(3)(C)(i)(II). That provision of the FCA allows the recovery of statutory damages of "not less than $1,000 or more than $10,000, as the court considers just." And, under § 605(e)(3)(C)(ii), if the Court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," it "in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." Further, § 605(e)(3)(B)(iii) mandates that courts award full costs, including reasonable attorneys' fees, to a prevailing aggrieved party.

Plaintiff seeks statutory damages of $10,000 for Defendants' violation of § 605. It provides evidence that had Defendants legally obtained the commercial license for the boxing match in question, they would have paid $3,275 based on the Establishment's seating capacity. Because Defendants' actions were willful, it also seeks additional damages in the amount of $50,000. It further seeks costs and attorney fees. Given the well-pleaded allegations of Plaintiff that have been admitted due to Defendants' default, Plaintiff is entitled to each of these forms of relief.

By its default, a defendant "concedes the truth of the allegations" concerning its liability within a well-pleaded operative pleading but does not concede anything regarding damages. *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *4 (S.D.

Tex. Oct. 5, 2011) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002); *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). In general, courts do not award damages without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). When a party applies "to the court for a default judgment," the Court has discretionary authority to conduct a hearing when "it needs to . . . (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). This rule "does not require an evidentiary hearing," and "explicitly grants the district court wide latitude." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "If the damages can be computed with certainty by reference to the pleadings and supporting documents alone, an evidentiary hearing may not be necessary." *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992).

Here, Plaintiff has not requested a hearing and has provided detailed affidavits from which the Court can ascertain damages by reference to the pleadings and supporting documents alone. There is no basis to conclude that an evidentiary hearing will reveal any pertinent information that is not already before the Court. In these instances, a hearing is not necessary. *Joe Hand Promotions, Inc. v. Allure Jazz & Cigars, LLC*, No. 3:22-CV-514-E (BK), 2025 WL 1737802, at *4 (N.D. Tex. May 27, 2025) (recommendation of Mag. J.) *accepted by* 2025 WL 1737322 (N.D. Tex. June 23, 2025).

To determine statutory damages under § 605, "courts have developed two approaches." *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). One "is to award damages based on the number of patrons in the establishment at the time of the violation, and the second is to award a flat sum for damages." *Id*. "Some courts award a flat sum that accounts for broader economic costs." *Joe Hand Promotions, Inc. v. Pistoleros del Adobe Horse Shoe Cantina & Grill LLC*, No. EP-23-CV-419-KC, 2024 WL 4376121, at *3 (W.D. Tex. Sept. 25, 2024)

4

(citation and internal quotation marks omitted). An award based on the number of patrons may simply focus on the number or the award may be based "on the licensing fee, which hinges on the establishment's seating capacity." *Id*. The purpose of each approach is "to deter defendants from future violations." *Id*.

The Court finds the first approach just and reasonable. "Because it appears to be most common approach in the Fifth Circuit and is susceptible to mathematical calculation, the Court awards damages based on the licensing fee." *Id*. Typically, the licensing fee is merely "a baseline for damages," and although courts often triple that baseline, a lesser increase may be sufficient. *Id*. When deciding whether to increase and by how much, courts consider the number of patrons, profits from food and drink sales, and profits from an entry fee, if any. *Id*. Courts may also consider the number of televisions broadcasting the Event and whether the Establishment is located "in a relatively urban city where the broadcast would have more than a minimal impact." *Joe Hand Promotions, Inc. v. 152 Bronx, LP*, 11 F. Supp. 3d 747, 756 (S.D. Tex. 2014).

For the venue at issue in this case, Defendants would have paid $3,275 to legally show the fight based on the Establishment's seating capacity. That is the baseline for damages. The evidence shows that approximately fifty-five individuals, possibly including staff, were at the Establishment during the Event, which was broadcast on two of five televisions, including one large screen television. There is no evidence of any entry fee. But the Event was advertised on social media. Submitted videos show the large screen broadcast, as well as showing patrons with beverages. But there is no evidence as to how much profit the Establishment made from food and drink sales. Still, given the number of patrons and the videos showing patrons with drinks, the Court finds that Defendants did earn profits from food and drink sales.

Given the deterrence purposes and the number of patrons at an advertised event in an urban area, the Court finds it just to double what would have been the cost had Defendants followed the

5

law. This is consistent with damages awarded by other courts in similar circumstances. *See Morelia*, 126 F. Supp. 3d at 817 (awarding $5,000 in statutory damages for an advertised event broadcast on five televisions, one of which was a large screen, to sixty patrons who had paid a cover charge and bought food and beverages). While the circumstances differ from *Morelia* in some respects, the Court will award statutory damages in the amount of $6,550 and finds that amount to be just under the circumstances here.

Given the well-pleaded allegations of Plaintiff's pleading, which have been admitted by Defendants, Plaintiff has also shown that Defendants violated § 605 willfully and for purposes of direct or indirect commercial advantage. When determining whether to increase the statutory damages and by how much, courts consider several factors, including whether the defendants (1) repeatedly violated the statute "over an extended period of time," (2) made "substantial monetary gains," (3) advertised the broadcast, and (4) charged "an admission fee" or increased prices "for food and drinks." *G&G Closed Cir. Events, LLC v. Aguirre*, No. 5:23-CV-01265-XR-RBF, 2025 WL 2182466, at *4 (W.D. Tex. Mar. 13, 2025) (recommendation of Mag. J.) (citation and internal quotation marks omitted) *adopted by* 2025 WL 2182457 (W.D. Tex. Mar. 28, 2025). An increase to the statutory damages, furthermore, "should not be so high that it drives a company out of business." *Id*.

Under the admitted facts of this case, the Court finds that an increase in statutory damages is warranted. In general, courts may reasonably "increase an actual or statutory damages award by a multiplier to penalize Defendants for willful acts." *Joe Hand Promotions, Inc. v. Umana Fam., Inc.*, No. 4:24-CV-544, 2025 WL 1908570, at *6 (S.D. Tex. June 20, 2025) (recommendation of Mag. J.) *adopted by* 2025 WL 1908566 (S.D. Tex. July 10, 2025). "To deter pirating of cable and satellite broadcasts, court have awarded in damages multipliers of three to eight (3 to 8) times the statutory damages as additional damages." *Q Cafe*, 2012 WL 215282, at *5. This Court finds the

use of such multipliers reasonable and just. Such multipliers set a range between $19,650 and $52,400 in this case. Plaintiff seeks $50,000 in additional damages, which is a five-time multiplier of the maximum statutory damages under § 605(e)(3)(C)(i)(II). Given the location of the Establishment in a large urban city with the advertised Event being broadcast on just two of five televisions to about fifty-five patrons who did not pay a cover charge, the § 605 violation had more than a minimal impact. It does not, however, warrant the requested five-times multiplier.

Because an increase in the statutory damages is discretionary with the Court, the Court finds a three-times multiplier sufficient under the circumstances here. This multiplier is the same as awarded by the Southern District of Texas for a broadcasted event to about thirty patrons without a cover charge and without any allegation that the defendant was a repeat offender. *See J & J Sports Prods., Inc. v. Beck*, No. CIV.A. L-13-57, 2013 WL 5592333, at *3 (S.D. Tex. Oct. 9, 2013). Similarly, the Southern District of Texas tripled the statutory damages in similar circumstances with seventy-five patrons. *See Ent. by J & J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 777 (S.D. Tex. 2002). Based on these cases, the Court finds a three-times multiplier appropriate and thus increases statutory damages by $19,650—making total statutory damages equal to $26,200.

Plaintiff seeks costs ($795) and attorneys' fees ($2,000). The Court finds the claimed attorney time (eight hours) and claimed rate ($250 per hour) reasonable. Accordingly, under the lodestar method of calculation, $2,000 is a reasonable amount for attorneys' fees. The Court will also award costs of $795 as requested.

For the reasons stated herein, the Court **GRANTS** the Motion for Final Default Judgment (ECF No. 14) filed by Plaintiff. The Court finds Defendants Serna's Backyard Sports Bar, LLC; Daniel R. Serna; and Daniel Ricardo Serna are jointly and severally liable for the statutory damages ($26,200), costs ($795), and attorneys' fees ($2,000) awarded herein. And, because 28 U.S.C.

7

§ 1961(a) mandates that interest "be allowed on any money judgment in a civil case recovered in a district court," Plaintiff is entitled to post-judgment interest. By separate filing, the Court will issue a Final Judgment by Default.

**IS SO ORDERED this 19th day of August 2025.**

*[signature]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**